IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVETTE TANNER, ) | |
| ) | |
| *Plaintiff*, ) | CIVIL ACTION NO. _____ |
| ) | |
| v. ) | |
| FERGUSON ENTERPRISES, LLC D/B/A ) | |
| MILLENNIUM LIGHTING, INC. AND ) | |
| VIDHWAN INC .DBA E-SOLUTIONS ) | |
| ) | JURY TRIAL DEMANDED |
| *Defendants.* ) | |

## COMPLAINT

Plaintiff Evette Tanner ("Plaintiff") sets forth this Complaint for Damages against corporate defendants (1) Ferguson Enterprises LLC d/b/a Millennium Lighting, Inc. ("Ferguson") and (2) Vidhwan Inc. d/b/a E-Solutions ("E-Solutions"" or collectively the "Defendants" of the "Joint Employers").  Plaintiff shows the Court as follows:

## INTRODUCTION

1.     This action is for gender discrimination, and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII").  Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs.

1

## JURISDICTION AND VENUE

2. Ms. Tanner's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. This Court is an appropriate venue for all of Ms. Tanner's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because all of the parties reside within the Northern District of Georgia, and a substantial majority of events giving rise to Ms. Tanner's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

4. Ms. Tanner filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge against both Defendants is attached hereto as Exhibit "A" and "B" and is incorporated herein.

5. Ms. Tanner received a notice of right to sue for both charges from the EEOC within ninety (90) days of filing this Complaint and has complied with all other conditions precedent to the institution of this lawsuit. A true and accurate copy of the Notice of Right to Sues are attached hereto as Exhibit "C" and "D" and are incorporated herein.

## PARTIES

6. Ms. Tanner was always a joint employee of Defendants at all times material to this Complaint.

4. Ms. Tanner is a female and a member of a protected class under Title VII.

5. E-Solutions is an unlicensed entity providing temporary employees to businesses in Georgia. Despite its failure to register with the secretary of state, defendant illegally transacts business in the Northern District of Georgia.

6. E-Solutions is subject to this Court's jurisdiction and may be served with process through the secretary of state.

7. Ferguson is an LLC licensed to do business in Georgia. Ferguson transacts business in the Northern District of Georgia.

8. Ferguson is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process.

## STATEMENT OF FACTS

9. Joint Employers are subject to the anti-discrimination and anti-retaliation provisions of Title VII.

10. Joint Employers individually employ 15+ employees for each working day in each of twenty or more calendar weeks from 2018 throughout 2020.

11. Collectively Joint Employers employ well over 15 employees for each working day in each of twenty or more calendar weeks throughout 2020.

12. At all times material to this Complaint, Joint Employers had control over both Plaintiffs' employment and the terms and conditions thereof.

13. Joint Employers are true joint employers. Upon information and belief, each Defendant had authority to exercise control over the terms and conditions of Plaintiffs' employment, specifically but not limited to Plaintiff's job assignments, hours, pay, benefits, promotional opportunities, and each had the ability to hire and fire Plaintiff.

14. Ms. Tanner began employment with E-Solutions as a temporary worker.

15. In December of 2021 E-Solutions assigned Ms. Tanner to work as a light industrial warehouse worker for Ferguson.

16. Plaintiff was told that she would be packing products for Ferguson.

17. Ferguson is the largest distributor of plumbing supplies, pipes, valves, fittings, waterworks, and fire and fabrication products in the United States.

18. Ferguson has over $20 billion in annual sales and employs approximately 33,000 associates in over 1,400 locations in all 50 states.

19. Ferguson contracted with E-Solutions to provide services at its warehouse in McDonough, GA.

20. Plaintiff's work assignment for Ferguson was in McDonough, GA.

21. After Plaintiff began working for Ferguson through E-Solutions a manager named Chris began making the Plaintiff off load trucks instead of packing products.

4

22. Many of Plaintiff's similarly situated male co-workers did not have to unload trucks as frequently as Plaintiff.

23. Specifically, Chris made Plaintiff off load trucks for approximately 3 strait weeks.

24. Plaintiff asked Chris why she had to off load a truck every day when her male colleges often had less difficult jobs.

25. Chris told the Plaintiff that she needed to prove myself because he didn't think that a female could do the job.

26. Chis said something like, "Let's see if you are strong enough for this job."

27. Chris did not make such sexist statements to any of the similarly situated men on the job.

28. Further, Chris commonly made sexist statements like the above to Plaintiff.

29. Chis did not assign similarly situated male employees to jobs as difficult as the jobs that he assigned the Plaintiff.

30. On or about January 20, 2022, Plaintiff contacted Defendants and made a complaint of gender discrimination.

31. On or about February 11, a male co-worker named Josh told Chris that he didn't want to off load a certain truck.

32. Chis allowed Josh to pass the work to Plaintiff and he directed her to do Josh's work in addition to her own.

33. Plaintiff again complained about gender discrimination.

34. On or about February 17, 2022, six days later, Plaintiff was terminated.

35. Plaintiff was terminated in retaliation for her complaints of gender discrimination.

## COUNT I
## Gender Discrimination in Violation of Title VII

36. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

37. As a woman, Plaintiff is a member of protected groups.

38. As detailed above, throughout her employment with Joint Employers, Plaintiff was subjected to disparate treatment gender discrimination and hostile work environment gender discrimination by Joint Employers employees and management.

39. All of the above conduct by Defendants' manager Chris was sexist and created a hostile work environment for Plaintiff.

40. Further, Chis treated Plaintiff materially worse that similarly situated male employees.

41. Plaintiff complained about gender discrimination, but Defendants took no action.

42. At all times relevant to this action, Defendants knew or should have known of the discrimination endured by Plaintiff, but they failed to meaningfully remedy the workplace environment of discrimination.

43. Defendants willfully and wantonly disregarded Plaintiff's rights, were undertaken in bad faith, and constitute unlawful intentional gender and race discrimination in violation of Title VII.

44. As a result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities.

## COUNT II
### Retaliation in Violation of Title VII

45. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

46. Plaintiff engaged in protected activities protected under Title VII by making complaints of sexual harassment.

47. As a result of her complaints, Plaintiff suffered adverse employment actions including, but not limited to removal from the FERGUSON job and ultimately termination.

48. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities,

inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

49. Defendants' willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination and retaliation against Plaintiff was undertaken in bad faith.

50. As a result, Plaintiff is entitled to both equitable and monetary relief.

**WHEREFORE**, Plaintiff demands the following relief from the Court:

(a) That this Court cause process to issue;

(b) issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c) grant Plaintiff a permanent injunction enjoining Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) grant Plaintiff judgment in her favor and against Defendants under all Counts of this Complaint;

(e) order Defendants to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages,

salary, employment benefits or other compensation denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff liquidated damages for Defendants' willful violations of Title VII;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations; and

(h) grant such additional relief as the adjudicating officer(s) deem proper and just.

Respectfully submitted this 20nd day of February 2023.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050

THE MIXON LAW FIRM
3344 Peachtree Road, Suite 800
Atlanta, GA 30326
Phone: 770-955-0100
steve@mixon-law.com

9